## No. 856.

### R. H. HOWELL vs. M. COHEN.

The signature to an appeal bond by one who is not a principal nor a witness will be held to be that of a surety, although he is not so described.

There is no law giving a privilege on a right of servitude. Recording a note, given for one-half the cost of a common wall does not create a privilege upon the wall. Even

Howell *vs.* Cohen.

when the note is merged in a judgment which expressly recognises a privilege, such privilege will not exist to the prejudice of mortgage creditors.

When the prayer of the petition is not for a personal judgment on a note, but simply that the defendant be condemned to pay it or surrender the property upon which the privilege is claimed, no personal judgment will be rendered.

APPEAL from the District Court for Caddo. BOARMAN, J.

*Wise & Herndon* for Plaintiff. *Looney & Elstner* for Defendant Appellant.

WHITE, J. The appellee moves to dismiss this appeal on the ground that "no one appears to have signed what purports to be the appeal bond in the capacity as sureties." The bond is in the usual form except that in its body where the name of the surety is habitually written there is a blank. It is signed by the appellant and following his signature are those of three others without anything being added to designate them as sureties.

In a recent case, decided since the last term here, we have passed on the regularity of a bond for all purposes practically identical with the one now in question and our conclusion was that the irregularities complained of therein were not fatal. Succession of J. W. Lyons *ante.*

*The motion is therefore denied.*

On the merits.

The plaintiff was the owner of lot No. 7 in square 59, town of Shreveport; as such owner he erected, on the lot a building, the wall of which was placed on the line dividing lot 7 from lot 8, the latter being vacant and belonging to one Weinstock. The building was completed in September 1873. Thereafter Weinstock placed a building on lot No. 8, and in so doing made use or the wall on the line between lot 7 and 8.

On the 1st of September, 1874, Weinstock gave plaintiff his note for $936.87 payable sixty days after date as evidence of a debt by him recognized to be due for half the value of the wall erected by plaintiff as already mentioned,

On the 8th of December, 1874, plaintiff sued Weinstock on this note and obtained a judgment for the amount with *recognition of a privilege upon the brick store house of the defendant on lot No. 8.*

In April, 1876, under an execution against defendant Weinstock, in the suit of Johnson, the sheriff seized and adjudicated to the present defendant Cohen, Weinstock's interest in the buildings, and the remaining interest was subsequently ac uired by Cohen from other sources.

Such are the facts material to the present suit which is a hypothecary action against Cohen to compel him to pay the amount of the judgment against Weinstock or surrender the property on lot No. 8.

The defence which we think necessary to notice is a general denial, under which the issues presented by counsel may be answered by solving the following inquiries : —

1. Does the hypothecary action lie to enforce plaintiff's claim?

2. If not, has plaintiff presented such an issue as would justify a personal judgment against the defendant?

3. If not, is defendant personally bound for the amount in consequence of his owneiship of the property?

1. Although the judgment against Weinstock was recorded on the 7th of June, 1875, at the date of the sheriff's deed to the defendant, the property was stricken with special mortgages, largely exceeding the price for which it was adjudicated, all of which ranked the plaintiff's mortgage, rendering it therefore obvious that the property passed to the defendant free from plaintiff's judicial mortgage. True the plaintiff had recorded a sworn copy of the Weinstock note merged to judgment with recognition of privilege. But upon what theory the privilege was claimed or allowed we are at a loss to understand. Grant that the note was the evidence of the price agreed to be paid for making the wall a common one. It was then the evidence, not of the price of a sale of the wall, but of a servitude, and we know of no law giving a privilege on a right of servitude. Even if t〉e vendor's privilege resulted from the sale as one of its implications, the privilege would be on the right acquired, not on the instrument upon or by which it was to be exercised.

This being true as to the wall itself, how much more must the principle apply to the present case where the privilege was prayed for and allowed by the court *a qua*, not upon the common wall, but upon the *entire building of the defendant.*

2. The prayer of the plaintiff is not for a personal judgment against the defendant, but simply that he be condemned to pay the amount

Crescent Mutual Ins. Co. *vs.* Payne.

or surrender the property and is therefore purely hypothecary, hence rendering the question of personal liability discussed in the brief of counsel one beyond the pleadings, and therefore not to be concluded by our decree herein.

*Judgment reversed.*